United States District Court
Southern District of Texas

**ENTERED**

March 31, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLIN GODMINTZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-00514 |
| | § | |
| MONTEREY FINANCIAL SERVICES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Colin Godmintz sued defendant, Monterey Financial Services ("MFS" or "Defendant"), for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Texas Finance Code ("TFC"), in the Precinct One, Place Two Justice of the Peace Court of Fort Bend County, Texas, under Cause No. 21-JSC12-00590.[1]  Defendant timely removed the action.[2]  Pending before the court is Defendant Monterey Financial Services LLC's Motion to Dismiss and Supporting Memorandum of Law ("Defendant's Motion to Dismiss") (Docket Entry No. 7).  For the reasons explained below, Defendant's motion will be granted, but this action will be dismissed without prejudice.

---

[1]See Plaintiff's Original Petition Small Claims ("Plaintiff's Petition"), Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 8.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]See Defendant Monterey Financial Services' Notice of Removal, Docket Entry No. 1.

### I.   <u>Factual Allegations and Procedural Background</u>

This action was filed in Justice of the Peace Court on January 15, 2021, by an attorney acting on Plaintiff's behalf.   The petition filed in Justice of the Peace Court alleges that Defendant violated of the FDCPA and the TFC by "falsely reporting to the Credit Bureaus that [he] owes $7,285.29 to the Villa Group."[3]   The petition also alleges that

> [n]othing is owed because no contract was formed, or, in the alternative, the alleged contract is voidable. [MFS]'s client plied Godmintz with alcohol to the point of incapacitation to induce an agreement in an unconscionable violation public policy.   Godmintz has made clear to [MFS] that if a contract even exists, he has chosen to void it due to his incapacitation. Godmintz owed nothing in restitution, either.   This is because he never reaped the benefit of the services.[4]

On February 16, 2021, Defendant removed this action, and on February 23, 2021, Defendant filed the pending motion to dismiss. Citing Federal Rule of Civil Procedure 12(b)(6), Defendant argues that Plaintiff's claims are subject to dismissal for failure to state a claim for which relief may be granted under either the FDCPA or the TFC.   On March 25, 2021, the court entered an Order (Docket Entry No. 10), ordering plaintiff to respond to Defendant's Motion to Dismiss by March 29, 2021, and warning plaintiff that the failure to respond may result in dismissal of this action.   Later the same day, plaintiff's attorney filed a motion to withdraw

---

[3]Original Petition Small Claims, Docket Entry No. 1-1, p. 10.

[4]<u>Id.</u>

(Docket Entry No. 11), which the court struck for failure to comply with Local Rule 7 (Docket Entry No. 12).   On March 29, 2021, plaintiff's attorney filed an Unopposed Motion for Leave to Withdraw as Counsel for Plaintiff Colin Godmintz (Docket Entry No. 13), which the court granted the same day (Docket Entry No. 14).   Accordingly, plaintiff is currently proceeding <u>pro se.</u>

## II.   <u>Standard of Review</u>

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States,</u> 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom. Cloud v. United States,</u> 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.   <u>Id.</u>   To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1974 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal,</u> 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly,</u> 127 S. Ct. at 1965).   "The plausibility standard is not akin to a 'probability requirement,' but it asks

-3-

for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 127 S. Ct. at 1965). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966).

### III.  Analysis

Defendant argues that Plaintiff has failed to state a claim for which relief may be granted under either the FDCPA or the TFC because he has failed to allege facts capable of establishing that he is a "consumer" or that the debt at issue is a "consumer debt." Defendant also argues that Plaintiff's claims should be dismissed because Plaintiff has failed to identify the subsections of the statutes that he claims have been violated, thereby leaving Defendant with no idea which provisions of the applicable laws it must defend against.


**A.   Plaintiff's FDCPA Allegations Fail to State a Claim**

The FDCPA applies only to debts as they are defined in the statute.  The FDCPA defines a "debt" as

> any obligation or alleged obligation of a consumer to pay
> money arising out of a transaction in which the money,
> property, insurance, or services which are the subject of
> the transaction are primarily for personal, family, or
> household purposes, whether or not such obligation has
> been reduced to judgment.

-4-

15 U.S.C. § 1692(a)(5).  A "consumer" is defined as "any natural
person obligated or allegedly obligated to pay any debt."   15
U.S.C. § 1692(a)(3).   If the debt arises from a commercial
transaction, the FDCPA is not applicable.  See Hamilton v. United
Healthcare of Louisiana, Inc., 310 F.3d 385, 388 (5th Cir. 2002).
Plaintiff's petition alleges that Defendant wrongfully reported to
Credit Bureaus a debt that he does not owe, but the petition
neither states what item or service was allegedly purchased, nor
explains  how the item or service was intended for personal or
family use. Because Plaintiff's petition fails to state any facts
to  suggest  that  his  debt  was  incurred  through  a  consumer
transaction, Plaintiff's factual allegations are not sufficient to
support a claim for violation of the FDCPA.  See Garcia v. Jenkins
Babb, L.L.P., 569 F. App'x 274, 276 (5th Cir. 2014) (per curiam).


B.   **Plaintiff's TFC Allegations Fail to State a Claim**

The Texas counterpart to the FDCPA similarly defines consumer
debt as "an obligation, or an alleged obligation, primarily for
personal, family, or household purposes and arising from a
transaction or alleged transaction."  Tex. Fin. Code § 392.001(2).
See also Garcia, 569 F. App'x at 276 (citing Guajardo v. GC
Services, LP, 498 F. App'x 379, 382 (5th Cir. 2012) (per curiam)).
"For a collection practice to be actionable under the [Texas Debt
Collection Practices Act], the debt at issue must arise out of a

-5-

consumer transaction. <u>See</u> Tex. Fin. code § 392.001(2). Plaintiff's state law claim fails for the same reason as his federal law claim. <u>Garcia,</u> 569 F. App'x at 277.

## IV. <u>Conclusions and Order</u>

For the reasons explained above, the court concludes that Plaintiff has failed to plead facts sufficient to state a claim for which relief may be granted under either the FDCPA or its counterpart in the Texas Finance Code. Accordingly, Defendant Monterey Financial Services LLC's Motion to Dismiss and Supporting Memorandum of Law, Docket Entry No. 7, is **GRANTED,** and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 31st day of March, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-6-